UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>GOOD FORTUNE SUPERMARKET OF NJ, INC., XEQUIN SONG, TINA MANAGES, HENDERSON 27, LLC, KUAN HE WU, and XIAO YONG WU<br><br>Defendants. | Civil Action No.:<br><br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiff, Nautilus Insurance Company ("Nautilus"), by way of Complaint for Declaratory Judgment against Good Fortune Supermarket of NJ, Inc., ("Good Fortune"), Xequin Song, Tina Manages, Henderson 27, LLC ("Henderson"), Kuan He Wu, and Xiao Yong Wu states as follows:

## THE PARTIES AND JURISDICTION

1. Nautilus is an Arizona corporation. It is an approved surplus lines insurance company in New Jersey, and its policies are sold in New Jersey. Nautilus has its principal place of business at 7233 E. Butherus Drive, Scottsdale, Arizona.

2. On information and belief, Good Fortune Supermarket of NJ, Inc. is a New Jersey Corporation with a principal place of business in the State of New Jersey.

3. On information and belief, Xequin Song is an individual residing in the State of New Jersey.

4. On information and belief, Tina Manages is an individual residing in the State of New Jersey.

5. On information and belief, Henderson is a New Jersey limited liability company with all of its members residing in the State of New Jersey.

6. On information and belief, Kuan He Wu is an individual residing in the State of New Jersey.

7. On information and belief, Xiao Yong Wu is an individual residing in the State of New Jersey.

8. Ms. Song is named as an interested party only because she has filed a suit against Good Fortune, among others, entitled <u>Song v. Good Fortune</u>, in the New Jersey Superior Court, Middlesex County, under docket number MID-L-2322-16 (the "Song Action").

9. Ms. Manages is named as an interested party only because she has filed a suit against Good Fortune, among others, entitled <u>Manages v. Good Fortune</u>, in the New Jersey Superior Court, Somerset County, under docket number SOM-L-189-17 (the "Manages Action").

10. Henderson, Kuan He Wu, and Xio Yong Wu are named as interested parties only because they are named as defendants in the Manages Action.

11. The amount in controversy exceeds the sum of Seventy-Five Thousand ($75,000), not including interest.

12. This Court has jurisdiction pursuant to 28 U.S.C. § 1332.

13. Venue is proper pursuant to 28 U.S.C. §§ 1391 (b).

## NATURE OF THE ACTION

### I. The Song Action

14. On or about April 15, 2016, Ms. Song filed a Complaint in the Song Action against Good Fortune. A true copy of the Complaint in the Song Action is attached hereto as Exhibit A.

15. Ms. Song alleges that Good Fortune was responsible for the maintenance, inspection, cleaning, supervision, control, management and general maintenance and repair at a supermarket where Ms. Song fell, located at 3151 Route 27, Franklin Park, New Jersey (the "Premises"). Exhibit A at ¶3.

16. Ms. Song alleges that she was a business patron and invitee at the supermarket at the Premises. Id. at ¶4.

17. Ms. Song alleges, among other things, that Good Fortune was negligent with respect to the ownership, operation, control, management, servicing, maintenance, inspection, cleaning and/or repair of the Premises including, specifically, "its aisles and floors", and that Ms. Song suffered injuries from Good Fortune's alleged negligence. Id. at ¶¶6-9.

18. Nautilus is defending Good Fortune in the Song Action subject to a reservation of rights.

### II. The Manages Action

19. In or around May 2017 Ms. Manages filed an Amended Complaint in the Manages Action. On information and belief, a copy of the Amended Complaint in the Manages Action is attached hereto as Exhibit B.

20. Ms. Manages alleges that she was a business invitee at the supermarket at the Premises. Exhibit B at ¶3.

21. Ms. Manages alleges that Good Fortune was negligent in allowing an unforeseen obstacle in the aisle causing Ms. Manages to slip and fall. Id. at ¶4.

22. Ms. Manages seeks recovery against Good Fortune for its negligence that is alleged to have caused Ms. Manages' injury. Id. at ¶¶4-5.

23. Nautilus is defending Good Fortune in the Manages Action subject to a reservation of rights.

## THE NAUTILUS POLICY

24. Nautilus issued a commercial lines policy to Good Fortune bearing policy number NN 572771 (the "Nautilus Policy"). A true copy of the Nautilus Policy with confidential or proprietary premium and rating information redacted is attached hereto as Exhibit C.

25. The Insuring Agreement in the Nautilus Policy provides:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. . . .
>
> \*     \*     \*
>
> This insurance applies to "bodily injury" and "property damage" only if:
>
> (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
>
> (2) The "bodily injury" or "property damage" occurs during the policy period;

26. The Nautilus Policy contains a Limitation of Coverage endorsement that provides, in relevant part, as follows:

> This insurance applies only to "bodily injury", "property damage", "personal and advertising injury" or medical payments arising out of:
>
> (1) Operations designated in the Schedule; and/or
> (2) The premises/project shown in the Schedule.
>
> This insurance does not apply to "bodily injury", "property damage", "personal and advertising injury" or medical payments arising out of any operations other than those designated in the Schedule.

The Schedule on the endorsement provides:

> Operations:
> Warehouse storage
>
> Premises/Project:
> 3151 State Route 27, Franklin Park, NJ 00823

## THE PREMISES

27. At the time Ms. Song and Ms. Manages were at the Premises, it was operating as a supermarket.

28. Good Fortune represented to Nautilus that Good Fortune would not be operating the Premises as a supermarket but would be operating it as a warehouse only.

29. Good Fortune further represented that its business would be "Storage for Supermarket Product" and that it would not have any sales at the Premises because it was a warehouse.

## AS AND FOR A FIRST CAUSE OF ACTION
(**Declaratory Judgment**)

30. Nautilus repeats and realleges the allegations set forth in the preceding paragraphs of this Complaint as if set forth at length herein.

31. The Limitation of Coverage endorsement limits coverage under the Nautilus Policy to warehouse storage operations performed at the Premises.

32. The claims in the Song Action and the Manages Action do not arise out of warehouse storage operations at the Premises.

33. Rather, the claims in the Song Action and the Manages Action arise out of supermarket operations at the Premises.

34. Because the Nautilus Policy only applies to claims arising out of warehouse storage operations at the Premises, and the claims at issue in the Song Action and the Manages Action do not arise out of such operations, there is no coverage under the Nautilus Policy for the Song Action or the Manages Action.

35. Nautilus therefore is entitled to a declaration that it has no obligation to defend or indemnify Good Fortune in the Song Action and the Manages Action.

## AS AND FOR A SECOND CAUSE OF ACTION
(**Order Permitting Withdrawal From Defense**)

36. Nautilus repeats and realleges the allegations set forth in the preceding paragraphs of this Complaint as if set forth at length herein.

37. Nautilus has been defending Good Fortune in the Song Action since June 9, 2016, and in the Manages Action since August 18, 2017, subject to a reservation of rights.

38. There is no coverage for the claims asserted in the Song Action and in the Manages Action under the Nautilus Policy.

39. Nautilus therefore is entitled to an Order permitting it to withdraw from the defense of Good Fortune in the Song Action and the Manages Action.

## AS AND FOR A THIRD CAUSE OF ACTION
**(Rescission)**

40. Nautilus repeats and realleges the allegations set forth in the preceding paragraphs of this Complaint as if set forth at length herein.

41. In applying for the Nautilus Policy, Good Fortune made material misrepresentations, including but not limited to, that Good Fortune would have no sales arising from the Premises, the Premises would not be used as a supermarket, and the Premises would be used only as a warehouse storing food for a supermarket.

42. At the time Good Fortune applied for the Nautilus Policy, Good Fortune intended to operate a supermarket at the Premises.

43. Despite Good Fortune's representations to Nautilus to the contrary, Good Fortune operated a supermarket at the Premises.

44. Shortly after the accidents giving rise to the Song Action and the Manages Action happened, Good Fortune requested cancellation of the Nautilus Policy to obtain coverage for supermarket operations at the Premises.

45. Nautilus took as true and relied on the misrepresentations made by Good Fortune, including non-disclosures, in the application in making its decision to issue the Nautilus Policy, to set terms and to set premiums.

46. Had Good Fortune provided accurate information in the application it would have naturally and reasonably influenced Nautilus' judgment in estimating the degree and character of the risk and/or increased the premium substantially.

47. In reliance on the material misrepresentations in the application, including the non-disclosure of material facts, Nautilus issued the Nautilus Policy.

48. Nautilus stands ready to return the premium for the Nautilus Policy to Good Fortune.

49. Nautilus therefore is entitled to a declaration that the Nautilus Policy is void *ab initio*, that Nautilus is entitled to rescind the Nautilus Policy and return the premium for it, and that as a result, Nautilus has no obligation to provide coverage for the claims asserted in the Song Action and the Manages Action.

**WHEREFORE**, Nautilus respectfully requests that the Court enter judgment in its favor as follows:

    A. Declaring that Nautilus has no obligation to defend or indemnify Good Fortune in connection with the Song Action and the Manages Action;

    B. Permitting Nautilus to withdraw from the defense of Good Fortune in the Song Action and the Manages Action;

    C. Declaring that the Nautilus Policy is void *ab initio* and Nautilus can rescind the Nautilus Policy;

    D. For such other and further relief as this Court deems just and proper.

## LOCAL RULE 11.2 CERTIFICATION

I hereby certify that, to my knowledge, the matter in controversy is not the subject of any other motion or proceeding pending in any other court or in any pending arbitration or administrative proceeding.

I certify that the foregoing statements made by me are true. I further certify that if any of the foregoing statements made by me is willfully false, I am subject to punishment.

DATED: Parsippany, New Jersey  KINNEY LISOVICZ REILLY &
January 3, 2018  WOLFF PC

BY:   /s/ Justin N. Kinney_____
Justin N. Kinney, Esq.
Michael S. Chuven, Esq.
299 Cherry Hill Road, Suite 300
Parsippany, New Jersey 07054
(973) 957-2550
Attorneys for Plaintiff
Nautilus Insurance Company