**Stathis & Leonardis LLC**
32 South Main Street
Edison, NJ 08837
Attorneys for Plaintiff
Our File No. 16-3681NJL
Nicholas J. Leonardis, Esq.
Attorney ID No. 009651992

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| NAUTILUS INSURANCE COMPANY, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 3:18-cv-00083-MAS-TJB |
| | : | |
| v. | : | |
| | : | |
| GOOD FORTUNE SUPERMARKET, et al, | : | **NOTICE OF MOTION TO DISMISS** |
| | : | **PLAINTIFF'S COMPLAINT FOR** |
| Defendants. | : | **IMPROPER VENUE** |
| | : | |
| | : | |

**PLEASE TAKE NOTICE** that Defendant Xueqin Song, by and through her attorneys,

Stathis & Leonardis LLC, located at 32 South Main Street, Edison, NJ 08837, will move before

the Honorable District Court Judge, on March 19, 2018, for an Order dismissing the plaintiff's

complaint for improper venue.

**IN SUPPORT** of Defendant Xueqin Song's motion, I will rely upon the attached brief.

_____
**NICHOLAS J. LEONARDIS, ESQ.**

Stathis & Leonardis LLC
32 South Main Street
Edison, NJ 08837
**Attorneys for Defendant Xueqin Song**

**Stathis & Leonardis LLC**
32 South Main Street
Edison, NJ 08837
Attorneys for Plaintiff
Our File No. 16-3681NJL
Nicholas J. Leonardis, Esq.
Attorney ID No. 009651992

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| NAUTILUS INSURANCE COMPANY, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 3:18-cv-00083-MAS-TJB |
| | : | |
| v. | : | |
| | : | |
| GOOD FORTUNE SUPERMARKET, et al, | : | **CERTIFICATION OF SERVICE** |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |

I, Sean M. Mahoney, an Attorney with the Law Office of Stathis & Leonardis LLC, certify that a copy of my motion was served by regular mail and email on February 16, 2018 upon:

### Attorney for Nautilus Insurance Company
Justin N. Kinney, Esq.
Kinney Lisovicz Reilly & Wolff, P.C.
299 Cherry Hill Road, Suite 300
Parsippany, New Jersey 07054


_____
**SEAN M. MAHONEY, ESQ.**

Stathis & Leonardis LLC
32 South Main Street
Edison, NJ 08837
**Attorneys for Defendant Xueqin Song**

**Stathis & Leonardis LLC**
32 South Main Street
Edison, NJ 08837
Attorneys for Plaintiff
Our File No. 16-3681NJL
Nicholas J. Leonardis, Esq.
Attorney ID No. 009651992

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| NAUTILUS INSURANCE COMPANY, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 3:18-cv-00083-MAS-TJB |
| | : | |
| v. | : | |
| | : | |
| GOOD FORTUNE SUPERMARKET, et al, | : | **ORDER TO DISMISS PLAINTIFF'S** |
| | : | **COMPLAINT FOR IMPROPER VENUE** |
| Defendants. | : | |
| | : | |
| | : | |

     **THIS MATTER** having come before the Court by Defendant Xueqin Song, by and

through her attorneys, Stathis & Leonardis LLC, by way of motion to dismiss for improper

venue, and the Court having considered the matter, and for good cause shown:

     **IT IS** on this _____ day of _____ 2018:

     **ORDERED** that Defendant Xueqin Song's motion is hereby **GRANTED** and Plaintiff

Nautilus Insurance Company is hereby **DISMISSED** with prejudice; and it is further

     **ORDERED** that a copy of this order shall be served upon all counsel within _____ days

of its posting online.

**Stathis & Leonardis LLC**
32 South Main Street
Edison, NJ 08837
Attorneys for Plaintiff
Our File No. 16-3681NJL
Nicholas J. Leonardis, Esq.
Attorney ID No. 009651992

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

NAUTILUS INSURANCE COMPANY,              :
                                      :
                    Plaintiff,   :   Civil Action No. 3:18-cv-00083-MAS-TJB
                                      :
v.                                        :
                                      :
GOOD FORTUNE SUPERMARKET, et al,          :
                                      :
             Defendants.   :
                                      :
                                      :
_____       :

---

## BRIEF IN SUPPORT OF DEFENDANT XUEQIN SONG'S
## MOTION TO DISMISS FOR IMPROPER VENUE

---

Counsel of Record:
Nicholas J. Leonardis, Esq.

On the Brief:
Sean M. Mahoney, Esq.

## TABLE OF CONTENTS

TABLE OF AUTHORITIES…………………………………………………………………i

ISSUES PRESENTED…………………………………………………………………1

INTRODUCTION…………………………………………………………………...1

FACTUAL BACKGROUND…………………………………………………………...1-2

PROCEDURAL ARGUMENT…………………………………………………………...2

LEGAL ARGUMENT…………………………………………………………………...2-6

    The Third Circuit and the New Jersey District Courts have consistently relied upon New Jersey State Law in determining whether the Entire Controversy Doctrine precludes separate and discrete actions arising out of the same transction(s).

    …………………………………………………………………………………..3

    This Declaratory Judgment action must be dismissed because the Entire Controversy Doctrine demands that this action be filed and adjudicated in connection with the Song Matter.

    …………………………………………………………………………………..3-6

CONCLUSION……………………………………………………………………….6

# <u>TABLE OF AUTHORITIES</u>

**Federal Rules of Civil Procedure**

<u>Fed.R.Civ.P.</u> 12(b)(3)……………………………………………………………...1-2


**New Jersey Court Rules**

<u>R.</u> 4:30A …………………………………………………………………………..3, 4


**Case Law**

<u>Erie Railroad Co. v. Tompkins</u>, 304 U.S. 64 (1938)…………………………………...3

<u>Ricketti v. Barry</u>, 775 F.3d 611 (3rd Cir. 2015)……………………………………….3

<u>Petrocelli v. Woodhead</u>, 993 F.2d 27 (3rd Cir. 1993)………………………………...3

<u>Galbraith v. Lenape Reg'l High Sch. Dist.</u>, 964 F.Supp. 889 (D.N.J. 1997)……………………...3

<u>Cogdell v. Hospital Ctr. at Orange</u>, 116 N.J. 7 (1989)……………………….....3, 4, 5

<u>Kaselaan & D'Angelo Assocs. v. Soffian</u>, 290 N.J. Super. 293 (App Div. 1996)………………..4

<u>Archbrook Laguna, LLC v. Marsh</u>, 414 N.J. Super. 97 (App. Div. 2010)………………….....4

<u>DiTrolio v. Antiles</u>, 142 N.J. 253 (1995)……………………………...……..4, 5

<u>O'Shea v. Amoco Oil Co.</u>, 886 F.2d 584 (3rd Cir. 1989)…….………………………….4, 5

<u>Reno Auto Sales, Inc. v. Prospect Park Sav. And Loan Ass'n</u>, 243 N.J. Super 624 (App. Div. 1990)………………………………………………………………………….5

i

## ISSUES PRESENTED

1. **Issue**: Whether the District Court can rely upon State Law in determining the applicability of the Entire Controversy Doctrine when the Third Circuit and the District Court have consistently relied upon State Law in making such a determination.

   **Answer:** Yes.

2. **Issue**: Whether the Entire Controversy Doctrine precludes a Declaratory Judgment action in the District Court when a case arising from the same occurrence is already filed in the Superior Court and is two weeks away from trial.

   **Answer:** Yes.

## INTRODUCTION

Defendant Xueqin Song (improperly pleaded as Xeqin Song) moves the Court to dismiss this matter for improper venue pursuant to Fed.R.Civ.P. 12(b)(3). This matter arises out of the same occurrence as an active case in the Superior Court of New Jersey, Song v. Good Fortune Supermarket, Docket No. MID-L-2322-16 (the "Song Matter"). Therefore, the Entire Controversy Doctrine demands that this Declaratory Judgment action be dismissed for improper venue to be refiled, if appropriate, under the pending Superior Court docket.

## FACTUAL BACKGROUND

On February 10, 2016, Defendant Xueqin Song was a business invitee on the premises of Defendant Good Fortune Supermarket, located at 3151 Route 27, Franklin Park, New Jersey 08823. On that date, Ms. Song was caused to trip and fall over boxes/crates that were protruding into the customer aisle from under the produce display. As a result, Ms. Song suffered a comminuted fracture of the left femoral neck (i.e. the hip) and required open reduction and internal fixation surgery (i.e. "ORIF surgery") on the date of the incident.

1

Nine days later, on February 19, 2016, this office sent via Certified Mail a Letter of Representation with a Notice of Claim to Good Fortune. (*See Exhibit A*.) These letters were received and signed for on February 22, 2016. (*See Exhibit B*.) Therefore, the defendant has known about this matter since that date, if not sooner.

On April 15, 2016, Ms. Song filed her Complaint in the Superior Court of New Jersey (Docket No. MID-L-2322-16) (the "Song Matter"). On July 5, 2016, Good Fortune, through its insurance company, filed its Answer in the Song Matter. Since that date, Good Fortune has actively participated in discovery in the Song Matter. All written discovery has been exchanged; all depositions have taken place; and Ms. Song has attended a defense medical examination.

This case was readily moving toward trial, which is scheduled for February 26, 2018. However, on January 3, 2018, Nautilus Insurance filed this Declaratory Judgment action in the District Court of New Jersey. Ms. Song is named as a defendant therein because of the Song Matter, which is ongoing in the Superior Court. Nautilus Insurance admitted knowledge of the Song Matter. See Complaint at ¶ 8.

## PROCEDURAL ARGUMENT

Fed.R.Civ.P. 12(b)(3) allows the defense of improper venue to be raised by way of motion and in lieu of filing an Answer. In fact, the Rule *requires* these defenses to be raised prior to any pleading being filed or else that defense may be waived. Therefore, Ms. Song files this motion in lieu of a more formal pleading or Answer.

## LEGAL ARGUMENT

This Declaratory Judgment action must be dismissed because the Entire Controversy Doctrine precludes the action from being adjudicated separate and apart from the Song Matter.

1.  **The Third Circuit and the New Jersey District Courts have consistently relied upon New Jersey State Law in determining whether the Entire Controversy Doctrine precludes separate and discrete actions arising out of the same transaction(s).**

This matter is governed by federal law because it is pending in the New Jersey District Court.  See Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938) (the "Erie Doctrine" mandates that federal courts sitting in diversity apply state substantive law but federal procedural law). However, both the Third Circuit and the New Jersey District Court have relied upon New Jersey State Law in Entire Controversy Doctrine disputes.  See, e.g., Ricketti v. Barry, 775 F.3d 611 (3rd Cir. 2015); Petrocelli v. Woodhead, 993 F.2d 27 (3rd Cir. 1993); Galbraith v. Lenape Reg'l High Sch. Dist., 964 F.Supp. 889 (D.N.J. 1997).  Therefore, the Court here must look to State Law in analyzing the Entire Controversy Doctrine and its application to the present matter.

2.  **This Declaratory Judgment action must be dismissed because the Entire Controversy Doctrine demands that this action be filed and adjudicated in connection with the Song Matter.**

In New Jersey, the Entire Controversy Doctrine (the "Doctrine") is codified in R. 4:30A as follows:

> **Non-joinder of claims required to be joined by the entire controversy doctrine shall result in the preclusion of the omitted claims to the extent required by the entire controversy doctrine,** except as otherwise provided by R. 4:64-5 (foreclosure actions) and R. 4:67-4(a) (leave required for counterclaims or cross-claims in summary actions). Claims of bad faith, which are asserted against an insurer after an underlying uninsured motorist/underinsured motorist claim is resolved in a Superior Court action, are not precluded by the entire controversy doctrine.

> [(Emphasis added).]

The Supreme Court of New Jersey has extended the Doctrine to mandate joinder of "all parties with a material interest, one that can affect or be affected by the judicial outcome of a

legal controversy." Cogdell v. Hospital Ctr. at Orange, 116 N.J. 7, 23 (1989).  The rationale was set forth by the Supreme Court as follows:

> The entire controversy doctrine embodies the principle that the adjudication of a legal controversy should occur in one litigation in only one court; accordingly, all parties involved in a litigation should at the very least present in that proceeding all of their claims and defenses that are related to the underlying controversy.
>
> [Id. at 15.]

One of the cited purposes of the Doctrine is to "avoid fragmentation of litigation." R. 4:30A, cmt. 1.  Therefore, the Doctrine requires that a party "litigate **all aspects** of a controversy in a single legal proceeding." Kaselaan & D'Angelo Assocs. v. Soffian, 290 N.J. Super. 293, 298 (App Div. 1996) (citation omitted).  Therefore, "all claims arising from a particular transaction or series of transactions should be joined in a single action." Archbrook Laguna, LLC v. Marsh, 414 N.J. Super. 97, 105 (App. Div. 2010).

The central consideration is "whether the claims against the different parties arise from related facts or the same transaction or series of transactions." DiTrolio v. Antiles, 142 N.J. 253, 267 (1995).  When a court is so considering, "[o]ne measure of whether distinct claims are part of an entire controversy is whether parties have a significant interest in the disposition of a particular claim, one that may materially affect or be materially affected by the disposition of that claim." Cogdell v. Hospital Ctr. at Orange, 116 N.J. 7, 23 (1989).  In other words,

> if parties or persons will, after final judgment is entered, be likely to have to engage in additional litigation to conclusively dispose of their respective bundles of rights and liabilities that derive from a single transaction or related series of transactions,

4

> the omitted components of the dispute or
> controversy must be regarded as constituting an
> element of one mandatory unit of litigation.
> [O'Shea v. Amoco Oil Co., 886 F.2d 584, 590-91
> (3rd Cir. 1989).]

The Doctrine **does not** require commonality of legal issues; rather, the determinative

consideration is whether distinct claims are aspects of a single, larger controversy because they

arise from "interrelated" facts. DiTrolio v. Antiles, 142 N.J. 253, 271 (1995). In fact, the

Supreme Court of New Jersey has "long recognized that the same set of facts can give rise to

discrete causes of action and different kinds of relief." Id. (citation omitted).

Moreover, Nautilus Insurance Group has known about this matter since June 29, 2016 *at*

*the latest.* On that date, Nautilus' counsel, Debra S. Goldstein, Esq. from the law firm of Zarwin

Baum DeVito Kaplan Schaer Toddy, P.C., sent a proposed stipulation extending the defendant's

time to file an Answer. (*See Exhibit C.*) It is indisputable that Nautilus has known about the

plaintiff's falldown incident and her filed lawsuit since June 29, 2016 *at the latest.*

The polestar of the application of the Doctrine is judicial fairness, including fairness to a

plaintiff. Reno Auto Sales, Inc. v. Prospect Park Sav. And Loan Ass'n, 243 N.J. Super 624, 630

(App. Div. 1990); DiTrolio v. Antiles, 142 N.J. 253, 273-34 (1995).

Here, Ms. Song was severely injured in a falldown incident which occurred on February

10, 2016 at Good Fortune Supermarket. Nine days later, on February 19, 2016, this office sent

via Certified Mail a Letter of Representation with a Notice of Claim to Good Fortune. (*See*

*Exhibit A.*) These letters were received and signed for on February 22, 2016. (*See Exhibit B.*)

Therefore, the defendant has known about this matter since that date, if not sooner.

Now, a year-and-a-half later, Nautilus has filed this Declaratory Judgment action, which

undeniably arises out of a purported coverage dispute regarding the plaintiff's falldown incident.

Therefore, both the plaintiff's lawsuit and the DJ Action arise out of the same transaction and same controversy.

All discovery has been completed and trial is scheduled for February 26, 2018. Judicial and litigation fairness demands that this matter be dismissed. If the Court is not inclined to dismiss this matter outright, it is respectfully submitted that the proper course of action is to transfer this matter to be consolidated with the Song Matter.

### CONCLUSION

For all of the above reasons, it is respectfully requested that the Court grant Ms. Song's motion to dismiss for improper venue.

**NICHOLAS J. LEONARDIS, ESQ.**

# EXHIBIT A

*Law Offices*
## Stathis & Leonardis
*32 South Main Street*
*Edison, New Jersey 08837*

**Gregory A. Stathis**
*Member of NJ Bar*
**Nicholas J. Leonardis**
*Member of NJ & NY Bar*
*Certified by the Supreme Court of*
*New Jersey as a Civil Trial Attorney*

**Marc D. Portlock**
*Member of NJ & PA Bar*

Phone: (732) 494-0600
Fax:    (732) 494-0206

*File No.:* NJL

February 19, 2016

Good Fortune Supermarket
3151 Route 27
Franklin Park, New Jersey 08823
**Attn:  Management**

Good Fortune Supermarket (Main Office)
58-51 Maspeth Avenue, 2nd Floor
Maspeth, New York 11378

Re:     **Xueqin Song vs. Good Fortune Supermarket**
        **Date of Incident: 2/10/16**

Dear Sir/Madam:

Please be advised that this office represents Xueqin Song in connection with injuries she sustained in a slip and fall incident on your premises on the above captioned date.

This letter will serve as notice of a claim for personal injuries in this regard.  It is my understanding that this incident was reported to management immediately after her fall. I also understand that the incident occurred at or near the rear of the store in the vicinity of the produce and seafood aisles.  My investigation has also revealed that there are numerous surveillance cameras in your store including several directed towards the location of this fall.

Please accept this letter as a formal request for litigation hold that you keep and preserve in a safe and secure location **any and all security and/or video surveillance** for your entire store including the location of this fall for the period from the opening of the store through the close of February 10, 2016.

Lastly, attached herewith please find this office's Notice to Produce and Preserve Documents.  Please accept this letter as a formal notice for you to maintain in a safe and secure location all of the documents requested therein.  In the event any of this requested information is destroyed, this office shall seek a formal application for spoliation of evidence.

Page Two
2/19/16

---

Please be guided accordingly.

                              Very truly yours,


                              Nicholas J. Leonardis


NJL/jj
Enclosure
CMRRR – 7014 0510 0000 7398 4805
cc:     Xueqin Song  *(Via Email)*

## Notice to Produce and Preserve Documents

1. Any and all maintenance, inspection, cleaning and repair records for February 10, 2016;

2. Any and all statements signed or unsigned from all witness or potential witness including any statements from the parties herein or their representative, agents, servants and/or employees;

3. Any and all photographs, security footage, video footage, sketches or diagrams for the entire premises in question for February 10, 2016 including but not limited to the produce aisles and seafood aisle;

4. Any and all documents containing names and addresses of all potential witnesses as well as all employees on duty at the time of incident;

5. The entire contents of any and all investigation file(s) and any other documentary material in your possession which relates to plaintiff's fall at your premises on February 10, 2016.

# EXHIBIT B

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Fred Fortune
Supplement
St. Kt. 91
Franklin Park, NJ
08823

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
☐ Certified Mail   ☐ Priority Mail Express™
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

PS Form 3811, July 2013    Domestic Return Receipt

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

*[handwritten address]*

*Trenton, NJ 13698*

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X *[signature]*                    □ Agent
                                    □ Addressee

B. Received by ( *Printed Name* )   C. Date of Delivery

D. Is delivery address different from item 1?   □ Yes
   If YES, enter delivery address below:         □ No

*[postmark: STATION FEB 2 2 2016]*

3. Service Type
   □ Certified Mail    □ Priority Mail Express™
   □ Registered        □ Return Receipt for Merchandise
   □ Insured Mail      □ Collect on Delivery

4. Restricted Delivery? (*Extra Fee*)   □ Yes

2. Article Number
   (*Transfer from service label*)

   7014 0510 0000 7348 4805

PS Form **3811**, July 2013   Domestic Return Receipt

# EXHIBIT C

# ZARWIN ◆ BAUM ◆ DeVITO
# KAPLAN ◆ SCHAER ◆ TODDY ◆ P.C.
### ATTORNEYS AT LAW



3681NSL

**Debra A. Goldstein**
Member NJ & NY BAR
dagoldstein@zarwin.com

May 27, 2016

Nicholas J. Leonardis, Esq.
Stathis & Leonardis LLC
32 South Main Street
Edison, New Jersey 08837

        **RE:**    **Xueqin Song v. Good Fortune Supermarket of NJ Inc.**
              **Docket No.**  **:**    **MID-L-2322-16**
              **Our File No.**  **:**    **34199**

Dear Mr. Leonardis:

    This firm has been retained to represent Defendant, Good Fortune Supermarket of NJ Inc., in this matter.  I have enclosed is a Stipulation for an Extension of Time to Answer.  If satisfactory, please return the signed Stipulation to me at your earliest convenience.

    Thank you.

                      Very truly yours,

                      DEBRA A. GOLDSTEIN

Enclosure

**LISA Z. SLOTKIN**, Managing Shareholder Jersey City, NJ Office